UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

IBRAHIMA THIOUB,

                    Petitioner,

v.

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

Case No. 1:26-cv-1068

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner and enjoin Respondents from re-detaining Petitioner absent leave of Court. (Pet., ECF No. 1, PageID.19–20.)

In an order entered on April 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the March

3, 2026, bond hearing on April 8, 2026. (Resp., ECF No. 5; Recording of Mar. 3, 2026, Bond Hearing, filed on Apr. 8, 2026.) Petitioner filed his reply on April 13, 2026, (ECF No. 6.).

## II.    Relevant Factual Background

Petitioner is a citizen of Senegal. (Pet., ECF No. 1, PageID.7.) On January 5, 2026, ICE agents arrested Petitioner. (*See Thioub v. Raycraft*, No. 1:26-cv-454 (W.D. Mich. Feb. 25, 2026), ECF No. 6, PageID.120.)

On February 10, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Thioub v. Raycraft* (*Thioub I*), No. 1:26-cv-454 (W.D. Mich.). In *Thioub I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Thioub I*, (W.D. Mich. Feb. 25, 2026), (ECF Nos. 6, 7.).

On March 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 1-2, PageID.25.) At the conclusion of the March 3, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> Denied, because[:]
>
> [Petitioner] is a flight risk. [Petititoner] has not complied with his prior release under Alternative to Detention. [Petitioner] has several violations. [Petitioner] has limited or no familial contacts in the United States as his parents, siblings, and children remain in Senegal. [Petitioner] has not submitted evidence of ties to his community, a sponsor, or evidence that he has sufficient likelihood of success on any application for relief.

(Order Immigration Judge, ECF No. 1-2, PageID.25.)

On the same day, the Detroit Immigration Court ordered Petitioner to be removed to Senegal. (Order Immigration Judge, ECF No. 5-3, PageID.81–83.) At the removal proceeding, Petitioner withdrew his asylum application and his application for Withholding of Removal under

2

the Convention Against Torture. (Order Immigration Judge, ECF No. 5-3, PageID.81.) Petitioner's withdrawal of his applications were granted with prejudice. (*Id*.) Petitioner waived his right to appeal the removal order. (Order, ECF No. 5-3, PageID.84.)

### III.    Discussion

In Petitioner's current § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 3, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof). Petitioner, however, does not address the overriding issue of his administratively final order of removal.

Given that Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Respondents argue that Petitioner's continued "detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001)." (Resp., ECF No. 5, PageID.19–20.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, Petitioner's order of removal became final on March 3, 2026, when he waived his right to appeal. *See* 8 C.F.R. § 1241.1. The 90-day removal period following the administratively final removal order has not expired. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

3

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

"Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove'

---

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Respondents argue that Petitioner's current detention falls squarely within the statutory and constitutional framework of permissible detention. *See Zadvydas*, 533 U.S. at 700-01; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (affirming dismissal where petitioner had only been detained four months and stating that "in order to state a claim under *Zadvydas* the alien . . . must show post-removal order detention in excess of six months"); *Kalasho v. U.S. Dep't of Homeland Sec.*, No. 1:06-CV-556, 2007 WL 431023, at *4 (W.D. Mich. Feb. 5, 2007) ("[T]he court concludes that the six month presumption of reasonableness . . . should apply to petitioner's current detention, which resulted from his violation of the order of supervision."); *Olajide v. Wrona*, No. 03-10204-BC, 2004 WL 63967, at *2 (E.D. Mich. Jan. 8, 2004) ("[T]he petitioner is not entitled to judicial review of his detention until the six-month period passes."). Petitioner is currently in the 90-day removal period, and the INA explicitly requires detention during that period. 8 U.S.C. § 1231(a)(2)(A). (Resp., ECF No. 5, PageID.65.)

Petitioner's request for relief is not yet ripe for judicial review. *Olajide*, No. 03-10204-BC, 2004 WL 63967, at *2 (E.D. Mich. Jan. 8, 2004) ("[T]he petitioner is not entitled to judicial review of his detention until the six-month period passes."). Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## IV.    Proper Respondents

The Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the Department of Homeland Security, the United States Attorney General, and the Executive Office of Immigration Review as Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. Further, the Court will dismiss the Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

Dated:      May 15, 2026          /s/ Jane M. Beckering
                                  Jane M. Beckering
                                  United States District Judge